UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

Craig Warmbrand
and Eileen Marie Warmbrand,

                        Debtors.
----------------------------------------------------------------x
In re:

Craig A. Bowe,

                        Debtor.
----------------------------------------------------------------x

Case No.: 10-76058-ast
Chapter 7

Case No.: 11-70579-ast
Chapter 7

## DECISION AND ORDER ON MOTIONS TO REOPEN

Pending before the Court are two opposed motions by former debtors seeking to reopen their respective Chapter 7 cases to amend their schedules to list previously undisclosed personal injury actions. In each bankruptcy case the debtor (1) commenced a personal injury lawsuit postpetition seeking to recover damages for injuries allegedly sustained prepetition, and (2) alleges mistake or inadvertence in neglecting to schedule or disclose the claim prior to the closing of his or her case. In *In re Meneses,* this Court had previously addressed the standard for determining whether a debtor's case should be reopened in such a circumstance. 2010 Bankr. LEXIS 700 (Bankr. E.D.N.Y. Mar. 3, 2010). Based on unique facts presented in *Meneses*, this Court denied the debtor's motion to reopen to amend his schedules to include the undisclosed personal injury action. The objecting parties in these cases seek to expand *Meneses* substantially beyond its limited facts, and in a manner incongruous with case law in this Circuit. Accordingly, for the reasons stated herein, this Court adopts the following test for determining whether good faith or cause has been established to reopen a case to allow a debtor to schedule a previously

undisclosed lawsuit: 1) the debtor's inadvertence in failing to schedule the lawsuit; 2) potential benefit to creditors; 3) indications of forum shopping or other inequitable conduct; 4) prejudice to objecting parties; and 5) benefit to the debtor. Applying this test, this Court concludes that both cases should be reopened.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

## Background

*Craig Warmbrand and Eileen Marie Warmbrand*

Eileen Warmbrand ("Ms. Warmbrand") allegedly sustained permanent injuries while receiving medical treatment in July and August 2008.

On August 3, 2010, Ms. Warmbrand and Craig Warmbrand ("Mr. Warmbrand" and collectively, the "Warmbrands") jointly filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code[1]. Kenneth Kirschenbaum was appointed as the Chapter 7 Trustee of the Warmbrands' bankruptcy case (the "Trustee"). On August 7, 2010, the Court's Clerk's Office generated and mailed notice of the commencement of the Warmbrands' case to all creditors listed in the Warmbrands' schedules. In that notice, the case was labeled a "no asset

---

[1] Unless otherwise indicated, all statutory references are to title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

case"; thus, creditors were directed not to file proofs of claim until given notice to do otherwise. A date for the § 341 meeting was also provided.[2]

In their schedules[3], the Warmbrands list twenty one unsecured creditors and one secured creditor holding an approximate total of $126,962.63 in claims. The Warmbrands were represented by counsel when preparing and filing their bankruptcy petition, but they did not disclose Ms. Warmbrand's potential personal injury claims in their schedules or at their § 341 meeting.

On August 11, 2010, only eight days after filing their petition, the Warmbrands commenced a medical malpractice action in the Suffolk County Supreme Court entitled *Eileen Warmbrand v. Daniel J. Cameron M.D., M.P.H., P.C., First Medical Associates, Carlos G. Forcade, M.D. and Northern Westchester Hospital*, bearing Index No. 029747/2010 (the "Warmbrand Action"), seeking damages in excess of $75,000.00 for the permanent injuries Ms. Warmbrand allegedly sustained in the summer of 2008.

On September 1, 2010, the Trustee filed a "Report of No Distribution". The report indicated that after a diligent inquiry into the Warmbrands' financial affairs, the Trustee was unable to discover any non-exempt estate property available for distribution to the Warmbrands' creditors. Accordingly, the Clerk's Office was not required to give notice to the Warmbrands' creditors to file claims.

---

[2] "Rule 2002(e) allows the clerk to issue what has become known as the 'no asset' notice. In a chapter 7 case when there appear to be no distributable assets, the notice of the meeting of creditors may contain a statement to that effect. Creditors are requested not to file proofs of claim and are informed that, should assets later become available, notice of such assets and notice of the bar date for filing proofs of claim will be mailed." 8 COLLIER ON BANKRUPTCY P. 2002.06 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *see* FED. R. BANKR. P. 2002(e).

[3] On October 20, 2010, the Warmbrands filed and served amended schedules in which they made minor adjustments not relevant to the issues before the Court.

On November 2, 2010, the Warmbrands received their discharge and their case was closed. The Warmbrands neglected to disclose the existence of any personal injury claim(s) or the Warmbrand Action to the Court or to the Trustee at any point.

On June 11, 2013, nearly three years after their case had been closed, the Warmbrands filed a motion to reopen their bankruptcy case pursuant to Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and § 350 of the Bankruptcy Code in order to add the Warmbrand Action to their schedules. In their motion, the Warmbrands argue that their failure to disclose their personal injury action was due to the deficient advice of their former bankruptcy counsel, and that when their medical malpractice attorneys only recently advised them of their disclosure obligations under the Bankruptcy Code, the Warmbrands sought new bankruptcy counsel and immediately filed the instant motion.

One Source Homecare Supplies, Inc. and Carlos G Forcade, MD, filed objections to the Warmbrands' motion on July 9 and 12, 2013, respectively. Both parties[4], relying heavily on this Court's decision in *Meneses*, argue that the Warmbrands' motion should be denied because reopening would be of little benefit to creditors and the Warmbrands acted in bad faith in failing to disclose the Warmbrand Action. The objecting parties also filed motions to dismiss the Warmbrand Action before the Supreme Court, but only after they learned that the Warmbrands had filed their motion to reopen with this Court. [dkt item 22-8, at ¶¶ 7-9; dkt item 25-4, at ¶¶ 5-6]

On July 12, 2013, the Warmbrands filed a reply. In their reply, the Warmbrands assert that *Meneses* is distinguishable from their case, and that they acted in good faith by filing their

---

[4] One Source Homecare Supplies, Inc. and Carlos G Forcade, MD are defendants in the Warmbrand Action, but not creditors in the Warmbrands' bankruptcy case. Both have asserted that they have party-in-interest standing under Rule 5010 to object to the Warmbrands' Motion. Debtor's do not oppose their standing. Therefore, this Court need not and does not reach the issue of standing. *But see generally In re Narcisse*, 2013 Bankr. LEXIS 1336, at *7-9 (Bankr. E.D.N.Y. Mar. 29, 2013).

motion to reopen "as soon as practicable after [they] were made aware that the [Warmbrand Action] is property of the Estate, and needs to be listed on their schedules." [dkt item 26, at ¶ 18]

On July 12, 2013, the Trustee filed a statement in support of reopening the Warmbrands' case. The Trustee contends, *inter alia*, that the creditors of the Warmbrands' estate stand to benefit by having the case reopened, and thus, the case should be reopened to allow the Trustee to administer the Warmbrand Action for their benefit.

The Court held a hearing on the Warmbrands' motion to reopen on July 16, 2013. At the conclusion of that hearing, the Court took the matter under submission. On October 16, 2013, the Trustee filed a letter informing the Court that the Warmbrand Action was dismissed by the state court on September 24, 2013, without prejudice to the Trustee to recommence the action within six months of that date[5].

*Craig Bowe*

On May 4, 2009, Craig Bowe ("Bowe") was allegedly injured at a construction site in Brooklyn, New York while employed as a laborer/mason tender for J&R Brick Masonry.

On February 2, 2011, Bowe filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Bowe's schedules reflect forty eight creditors holding approximately $814,451.00 in claims. On February 5, 2011, the Court's Clerk's Office generated and mailed a "no asset" notice of this case to all of Bowe's scheduled creditors; thus, they, too, were told to not file claims.

---

[5] Under New York law, if an action is timely commenced and then dismissed due to the plaintiff-debtor's lack of capacity to bring that action, the bankruptcy trustee may recommence the action within six months of its termination. *See* N.Y.C.P.L.R. § 205(a); *Rivera v. Markowitz*, 897 N.Y.S.2d 50, 51 (1st Dep't 2010); *Genova v. Madani*, 725 N.Y.S.2d 141, 142-143 (3d Dep't 2001).

Like the Warmbrands, Bowe was represented by counsel when preparing and filing his petition, but he, too, failed to disclose his potential personal injury claim in his schedules and at his § 341 meeting. As in the Warmbrands' case, the trustee of Bowe's estate filed a "Report of No Distribution" since he was unable to locate non-exempt estate property to distribute to Bowe's creditors.

On May 4, 2011, Bowe received a discharge and his case was closed.

On July 27, 2011, Bowe commenced a personal injury action in the Kings County Supreme Court entitled *Craig Bowe v. Moffat Gardens Housing Development Fund Company, Inc., Moffat Gardens Alp, Inc., Ridgewood Bushwick Senior Citizen Council, Inc., and Monadnock Construction, Inc.,* (the "Bowe Action"). In the Bowe Action, Bowe seeks damages of approximately $750,000.00 stemming from the injuries he allegedly sustained on May 4, 2009.

On June 12, 2013, almost two years after his case had been closed, Bowe filed his motion to reopen his bankruptcy case pursuant to Bankruptcy Rule 5010 and § 350 of the Bankruptcy Code in order to schedule his interest in the Bowe Action. Bowe argues that his "mistake and inadvertent error in not scheduling the [Bowe Action], was due to [his] non-comprehension of the questions raised by his former bankruptcy counsel when asked if [he] had any *personal injury actions pending*." [dkt item 13, ¶ 9] (emphasis in original) Bowe further argues that if he is able to recover all or part of his damages in the Bowe Action, a newly appointed chapter 7 trustee will have considerable funds available for distribution to Bowe's creditors.

On July 22, 2013, the defendants in the Bowe Action filed an objection to Bowe's motion to reopen.[6] In their objection, they assert that Bowe's failure to schedule his personal injury

---

[6] As with the Warmbrands, Bowe does not challenge the defendants' standing to oppose reopening, so this Court does not reach that issue.

action was neither inadvertent, nor innocent, and that based on the similarity between the facts present here and those in *Meneses*, this Court should exercise its equitable powers and deny the motion to reopen in order to promote the integrity of the bankruptcy process.

On July 25, 2013, the defendants in the Bowe Action filed a copy of an order of the Kings County Supreme Court entered on July 20, 2013, dismissing the Bowe Action pursuant to N.Y. C.P.L.R. §§ 3211(a)(3) and 3212. The Supreme Court determined that Bowe lacked the capacity to bring his personal injury action because his personal injury cause of action accrued prepetition, he had failed to schedule it in his bankruptcy schedules, and he commenced the action after receiving a discharge.

On August 6, 2013, the Court held a hearing on Bowe's motion. Thereafter, the Court took the matter under submission.

## Discussion

*1. The Standard for Reopening a Closed Bankruptcy Case*

Section 350(b) of the Bankruptcy Code authorizes courts to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). This Court has previously stated that "[t]he statute's permissive language provides the Court with broad discretion to determine whether a debtor filed a motion to reopen in good faith or has demonstrated good cause." *Meneses*, 2010 Bankr. LEXIS 700 at *7; *In re Farley*, 451 B.R. 235, 237 (Bankr. E.D.N.Y. 2011).

The decision to reopen a case "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case." *In re I. Appel Corp.*, 104 Fed. App'x. 199, 200 (2d Cir. 2004); *In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996). This Court will limit the exercise of its discretion to reopen a closed case "in

circumstances where relief may ultimately be afforded to a party, but not where reopening is futile or a waste of judicial resources." *Farley*, 451 B.R. at 237.

The moving party carries the burden of proof in establishing cause to reopen. *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011) *aff'd* 2012 U.S. Dist. LEXIS 113133 (E.D.N.Y. Aug. 12, 2012). While the Bankruptcy Code does not define what constitutes "cause" under § 350(b), courts have found that "cause to reopen a bankruptcy case includes the need to amend schedules to add assets or creditors". *In re Stein,* 394 B.R. 13, 15 (Bankr. E.D.N.Y. 2008). A debtor's failure to disclose an asset may be viewed as inadvertent and thus done in good faith where the debtor lacks knowledge of its existence or a motive to conceal. *Meneses*, 2010 Bankr. LEXIS 700 at *7-8.

In determining whether cause exists, courts will also consider whether the debtor and creditors stand to benefit by reopening the case and whether affected parties will be prejudiced. *Id.* at *9-10. "Among these considerations, the benefit to creditors is uppermost." *Arana*, 456 B.R. at 165. The court must also consider "whether reopening a case would prejudice the adversary's position." *In re Stein*, 394 B.R. 13, 16 (Bankr. E.D.N.Y. 2008) (quoting *In re Emmerling*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997)). However, the mere lapse of time does not constitute prejudice. *Emmerling*, 223 B.R. at 864; *Stein*, 394 B.R. at 16. Courts may also consider additional equitable factors, such as whether relief can be afforded in an alternate forum, whether the estate has been fully administered, and the duration of time between when the case was closed and when the motion to reopen is filed. *Arana*, 456 B.R. at 172; *see In re Lowery*, 398 B.R. 512, 515-516 (Bankr. E.D.N.Y. 2008).

Finally, courts should consider that, when a debtor fails to disclose litigation claims or rights, those rights remain property of the bankruptcy estates even after a case is closed, and the

chapter 7 trustee is the proper party in interest to prosecute those lawsuits. *In re Clark*, 2012 WL 1911926, at *6 (B.A.P. 9th Cir. May 25, 2012); *Narcisse*, 2013 Bankr. LEXIS 1336, at *6-8. *See also* 11 U.S.C. § 554(d) (property not abandoned or administered remains property of the estate); *Charts v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008).

*2. Whether the Warmbrands and Bowe Have Established Cause to Reopen*

The objecting parties have urged this Court to exercise its equitable powers to deny the motions to reopen based in large part on their reading of *Meneses*. However these cases are quite different from *Meneses*, and those distinctions should be highlighted.

*Meneses*

In *Meneses*, the debtor alleged that in December of 2004 he was severely and permanently injured as a result of an on-the-job accident. *See Meneses,* 2010 Bankr. LEXIS 700, at *3. Meneses filed a Chapter 7 petition on September 26, 2005 with the assistance of legal counsel. *Id.* at *2. He scheduled fifteen creditors holding claims in the aggregate amount of $48,868.49, but failed to disclose the existence of his personal injury claim. *Id.* at *3-4. Within days after filing bankruptcy, debtor's litigation counsel sent a letter to debtor's employer referencing debtor's prepetition injuries and "seeking to facilitate the disposition of [the] matter." *Id.* at *4. Subsequently, at his § 341 meeting, however, Meneses testified that he was neither currently suing somebody nor did he hold any claims where he could potentially sue somebody. *Id.* Shortly thereafter, on December 13, 2005, debtor commenced an action against his former employer in the United States District Court for the Southern District of New York seeking to recover for his alleged prepetition injuries. *Id.* at *5. Meneses received his discharge on January 19, 2006. *Id*.

Debtor's personal injury action proceeded for over three years. On March 12, 2009, the District Court dismissed the action due to the debtor's lack of standing to assert his personal injury claim as it belonged to the bankruptcy estate, but granted leave to reopen the personal injury action if the Chapter 7 trustee filed an application to reopen within 90 days. *Id.* at *5-6. The Chapter 7 trustee expressly declined to move to reopen. *Id.* at *6, 11. More than two months later, the debtor filed a motion to reopen his case to amend his schedules to include his personal injury action and to claim an exemption in any potential disposition thereof. *Id.* at *6. The debtor argued that his failure to schedule his personal injury action was inadvertent. *Id.*

This Court's decision not to reopen the *Meneses* case essentially hinged on three primary considerations: 1) debtor's failure to schedule the personal injury action was not inadvertent; 2) reopening the case would not provide a potential benefit to creditors; and 3) debtor's attempt to reopen was indicative of forum shopping. *See id.,* at *7-12.

As noted above, this Court adopts the following test for determining whether good faith or cause has been established to reopen a case to allow a debtor to schedule a previously undisclosed lawsuit: 1) the debtor's inadvertence in failing to schedule the lawsuit; 2) potential benefit to creditors; 3) indications of forum shopping or other inequitable conduct; 4) prejudice to objecting parties; and 5) benefit to the debtor. Application of this test follows.

*Inadvertent Nondisclosure*

These cases are similar to *Meneses* on the first prong: inadvertent nondisclosure. This Court noted that Meneses' failure to disclose his personal injury action could not be viewed as inadvertent based on the extent and severity of his alleged injuries, his retention of litigation counsel and efforts to settle his claims prior to the § 341 meeting, and his filing suit shortly after he received his discharge. *Id.* at *8-9. Similarly, given the extent of their alleged injuries and

the timing of their lawsuits, the Warmbrands and Bowe had to have had a consciousness of their claims against their respective defendants when they filed their bankruptcy cases, when they filed their schedules, when they testified at their § 341 meetings, and before their cases were closed. Bowe admits that he knew of the claim, but asserts he was unaware of his obligation to disclose it. [dkt item 13-1, ¶ 9] Likewise, the Warmbrands admit knowing of their claim, but allege that they, too, were unaware of their disclosure obligations. [dkt item 22-1, ¶ 14] However, this Court will not draw an inference that these debtors' failures to schedule their claims or apprise the trustee and creditors of the existence of the claims was inadvertent; to do so in these circumstances creates too great a license for debtors to avoid or ignore their disclosure requirements and later substitute a convenient "I forgot" or "I didn't know" response.

*Benefit to Creditors*

These cases vary from *Meneses* on the benefit to creditors prong. In *Meneses*, given the over four years between the closing of the debtor's case and when it might have been reopened, and the debtor's claim to an exemption in any potential settlement proceeds, this Court reasoned that it would be unlikely that creditors would file proofs of claim and receive any real benefit from reopening the case. *Id.* at *10. By contrast to these cases, however, there is a prospect of a benefit to creditors that was absent in *Meneses*. *See Arana*, 456 B.R. at 175-176. The Warmbrands' case was filed on August 3, 2010, and they scheduled twenty two creditors, holding a total of $126,962.63 in claims. None of these creditors had the opportunity to file a claim or receive a dividend during the course of the Warmbrands' case. The Warmbrands are seeking over $75,000 in damages in the Warmbrand Action.[7] Moreover, the Trustee has

---

[7] For purposes of this analysis, this Court need not examine the merits of the underlying claims, but may simply note the amounts being sought at this stage by the respective debtor / plaintiffs. *See generally In re Smith*, 400 B.R. 370, 376 (Bankr. E.D.N.Y. 2009) (although generally not required, bankruptcy courts may examine the legal merits of an

explicitly asked this Court to reopen their case so that he may continue to prosecute the action on behalf of the Warmbrands' creditors. The Warmbrands case has not been closed for so long that creditors may have lost interest in filing claims.

Bowe filed his case on February 2, 2011, scheduled forty eight creditors holding approximately $814,451.00 in claims, and sought over $750,000 in damages in the Bowe Action. Bowe's creditors also did not have a chance to file claims or receive a distribution. The Bowe case also has not been closed for so long that creditors may have lost interest in filing claims. Further, although the potential award currently sought in both cases is less than the full amount owed to creditors, those amounts, if recovered, would provide a meaningful recovery to creditors.

Moreover, neither Bowe nor the Warmbrands have sought leave from this Court to amend their schedules to claim an exemption in any recovery, which, if sought and permitted, would otherwise reduce the sum available for distribution to creditors. *See* 11 U.S.C. § 522(d)(11)(D); N.Y. Debt. & Cred. Law § 282. Thus, the availability of any exemptions is not presently before the Court.

Therefore, if these cases are reopened, and newly appointed chapter 7 trustees are afforded the opportunity to investigate and prosecute the Warmbrands' and Bowe's respective personal injury actions, creditors stand to receive a benefit or even a substantial benefit.

*Forum Shopping*

In *Meneses*, this Court considered the District Court's dismissal order and the trustee's lack of interest in administering the lawsuit, and stated as follows:

> asking this Court to reopen this case either has no purpose, or is an effort to make an end run around the District Court's Dismissal Order. The District Court has already

---

underlying complaint when considering whether to reopen a case) *aff'd* 426 B.R. 435 (E.D.N.Y. 2010) *aff'd* 645 F.3d 186 (2d Cir. 2011).

> dismissed the Personal Injury Action without giving Debtor the option to seek to reopen that action, so reopening this case would seem to serve no purpose. Alternatively, if Debtor seeks to reopen this case in order to ask the District Court to reconsider its ruling on Debtor's lack of standing to assert the FELA claim, then that would appear to this Court as Debtor seeking to end-run the District Court's Dismissal Order.

*Meneses*, at \*11-12.  There are no similar forum shopping concerns here.  The order dismissing the Bowe Action does not preclude Bowe from seeking to reopen that lawsuit or explicitly require the trustee in Bowe's bankruptcy case to seek leave to reopen within a set time frame. The Warmbrands did not seek to reopen their case in response to a motion to dismiss or an order of dismissal in the Warmbrand Action.  The Warmbrand Action, which was only recently dismissed, was dismissed without prejudice to the Trustee to recommence the action within six months and, as stated above, the Trustee has expressed his intention to prosecute the Warmbrands' claims if the bankruptcy case is reopened.  Thus, the Court is not presented with a situation where a debtor is seeking to make an end around a sister court's dismissal order or where reopening would serve no purpose.

*Prejudice to the Objecting Parties*

Neither set of objecting parties has demonstrated significant prejudice to them if these cases are reopened.  None of the objecting parties have demonstrated that their cases proceeded with significant discovery before the bankruptcy cases were discovered or made known, or that either case reached a juncture where they could not complete discovery if the case were to be tried on the merits, or that discovery efforts were substantially hampered by the non-disclosure of the claims in the bankruptcy cases.

Further, here, as in *Narcisse*, if these cases are reopened, the objecting parties will be required to defend the actions on the merits; however, that does not constitute legal prejudice. *Narcisse,* 2013 Bankr. LEXIS 1336, at \*32; *see Emmerling*, 223 B.R. at 869; *Arana*, 456 B.R. at

177 (noting that a decision not to reopen a case would create a windfall to the defendants to the extent that the actions would be dismissed on lack of standing but not on the merits of the claims and defenses).

*Benefit to the Debtors*

It is unknown at this juncture whether the Warmbrands and Bowe stand to benefit by reopening their cases. Neither has made an exemption claim in the actions or recoveries therefrom, and it is not known if either lawsuit will create a surplus estate. This Court is not called upon to conduct a mini-trial on liability and/or damages to determine whether or not to reopen the cases, and both sets of objecting parties have made clear that the lawsuits will be vigorously defended. Thus, while creditors have a prospect of recovery if the cases are reopened, any potential benefit to debtors is secondary to protecting the creditors' interests in a potential recovery; conversely, if these cases are not reopened, there is no prospect of any recovery to creditors.

## Conclusion

Having considered all of the facts and circumstances present in each of these closed bankruptcy cases, the Court finds that both the Warmbrands' case and Bowe's case should be reopened.

Based on the foregoing, it is hereby

**ORDERED**, that the Motions to Reopen filed by Craig and Eileen Warmbrand and Craig Bowe are granted; and it is further

**ORDERED**, that the Warmbrands and Bowe shall have **thirty (30) days** from entry of this Order to file amended schedules adding their respective personal injury actions thereto; and it is further

**ORDERED**, that the Office of the United States Trustee shall appoint a Chapter 7 Trustee in each of the Warmbrands' and Bowe's reopened cases.



**Dated: October 17, 2013**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**